E-FILED
Tuesday, 24 March, 2015  10:51:30 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

TIMOTHY BELL,
    Plaintiff,

v.                                            14-CV-3374

GREG SCOTT,
    Defendant.

**MERIT REVIEW OPINION**

The pro se Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. He seeks leave to proceed in forma pauperis.[3]

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The Plaintiff says he is a Jehovah's Witness who has asked repeatedly to receive his religious baptism service. The Plaintiff says his religious leaders have offered twice a year to bring in a portable pool at their own expense to conduct baptisms. Nonetheless, Facility Director Scott has refused to approve Plaintiff's request for over a year without providing any basis for his refusal. Therefore, the Plaintiff says the Defendant has violated his First Amendment rights to practice his religion.

The Plaintiff has adequately articulated a violation of his First Amendment rights. Although inmates do not forfeit all First Amendment protections by virtue of their conviction, incarceration necessitates some withdrawal or limitation of many rights and privileges. *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). A prison inmate retains only "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Brookins v. Kolb*, 990 F.2d 308, 312 (7th Cir.1993); *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Consequently, prison officials must permit inmates a reasonable opportunity to exercise their religious freedom. *See, Tarpley v. Allen County, Indiana*, 312 F.3d 895, 898 (7th Cir.2002), *citing Cruz v. Beto*, 405 U.S. 319, 322 n. 2, (1972). Although this standard applies to incarcerated Plaintiff's, the Seventh Circuit has also applied this standard to First Amendment claims proposed by civil detainees such as the Plaintiff. *Lane v. Williams,* 689 F.3d 879, 884 (7th Cir.2012).

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is granted.[3]. Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendant Gregg Scott violated his First Amendment right to the free exercise of his religion. Any additional claims shall not be

included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

Entered this 24th day of March, 2015.

s/ Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE